IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094 <br><br> THIS DOCUMENT RELATES TO ALL CASES <br><br> JUDGE KAREN SPENCER MARSTON |
| DAVID ROSS, <br>                  Plaintiff <br><br> v. <br><br> NOVO NORDISK, INC. and NOVO NORDISK A/S, <br>                  Defendants. | COMPLAINT AND JURY DEMAND <br><br> CIVIL ACTION NO.: |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff named below, by and through the undersigned counsel, files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff adopts and incorporates by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 Ras) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff files this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): David A. Ross.

2. If applicable, full name(s) and representative capacity of Plaintiff alleging wrongful death claim: N/A, as _____ of the estate of _____, deceased.

3. If applicable, full name of Plaintiff alleging survival claims, as permitted under state law(s): N/A.

4. If applicable, full name of Plaintiff alleging loss of consortium or loss of services: N/A.

**Defendants**

5. Plaintiff/Decedent's Representative is/are suing the following Defendants (check all that apply):

   __X__ Novo Nordisk Inc.

   __X__ Novo Nordisk A/S

   _____ Eli Lilly and Company

   _____ Lilly USA, LLC

   _____ other(s) (identify): _____

2

**JURISDICTION AND VENUE**

6. City and state of Plaintiff's current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

    Salem, New Hampshire

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

    Massachusetts

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

    New Hampshire

9. City and state of Plaintiff's/Decedent's residence at time of diagnosis of injury:

    Salem, New Hampshire

10. Jurisdiction is based on:

    __X__  diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____  other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    United States District Court of New Hampshire

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __X__  a substantial part of the events and omissions giving rise to Plaintiff's claims occurred there

3

\_\_\_\_\_   other (plead in sufficient detail as required by applicable rule):

_____

_____

13. If applicable, identify the citizenship of any additional Defendants named above:

   \_\_N/A_____

4

## PRODUCT USE

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

   __X__   Ozempic (semaglutide)

   _____   Wegovy (semaglutide)

   _____   Rybelsus (oral semaglutide)

   _____   Victoza (liraglutide)

   _____   Saxenda (liraglutide)

   _____   Trulicity (dulaglutide)

   _____   Mounjaro (tirzepatide)

   _____   Zepbound (tirzepatide)

   _____   Other(s) (specify): _____

15.     To the best of Plaintiff's knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

   September 2023

_____

_____

_____

**INJURIES AND DAMAGES**

16. To the best of Plaintiff's knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

 \_\_\_\_\_ Gastroparesis

 __X__ Other gastro-intestinal injuries (specify) Cyclical vomiting, nausea, and bloody diarrhea

 \_\_\_\_\_ Ileus

 \_\_\_\_\_ Ischemic Bowel/Ischemic Colitis

 \_\_\_\_\_ Intestinal Obstruction

 \_\_\_\_\_ Necrotizing Pancreatitis

 \_\_\_\_\_ Gallbladder Injury (specify) _____

 \_\_\_\_\_ Micronutrient Deficiency

 \_\_\_\_\_ Wernicke's encephalopathy

 \_\_\_\_\_ Aspiration

 \_\_\_\_\_ Death

 __X__ Additional/Other(s) (specify): Metabolic acidosis with acute kidney injury; Hyperkalemia; Acute renal failure

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

 September 2023

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    __X__ Injury to self

    _____ Injury to person represented

    _____ Economic loss

    _____ Wrongful death

    _____ Survivorship

    _____ Loss of services

    _____ Loss of consortium

    _____ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as state above, more specifically, Plaintiff hereby adopts and incorporates by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    __X__ Count I:        Failure to Warn – Negligence

    __X__ Count II:       Failure to Warn – Strict Liability

    __X__ Count III:      Breach of Express Warranty/Failure to Conform to Representations

    __X__ Count IV:      Breach of Implied Warranty

    _____ Count V:       Fraudulent Concealment/Fraud of Omission

    _____ Count VI:      Fraudulent/Intentional Misrepresentation

    _____ Count VII:     Negligent Misrepresentation/Marketing

    _____ Count VIII:    Strict Product Liability Misrepresentation/Marketing

    _____ Count IX:      Innocent Misrepresentation/Marketing

    _____ Count X:       Unfair Trade Practices/Consumer Protection (see below)

    __X__ Count XI:      Negligence

    _____ Count XII:     Negligent Undertaking

    _____ Count XIII:    State Product Liability Act (see below)

    _____ Count XIV:    Wrongful Death

    _____ Count XV:     Loss of Consortium

    _____ Count XVI:    Survival Action

    _____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

8

...

_____

_____

_____

20.      If Plaintiff is asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff is bringing such claims:

        N/A_____

_____

_____

    b.    Identify the factual allegations supporting those claims (by subsection, if applicable):

        N/A_____

_____

_____

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff is asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff is bringing such claims:

       N/A

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff's PLA claim:

       N/A

    c. Identify the factual allegations supporting those claims:

       N/A

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff provide some form of separate pre-suit notice to Defendants?  N/A  . If so, attach such notice.

**RELIEF**

Plaintiff prays for relief and judgement against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff may be entitled.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all claims triable by jury in this action.

Date: March __11__, 2026

By:

    */s/ Julie E. Lamkin*
    Julie E. Lamkin
    MA Bar No.: 680482
    jlamkin@jeffreysglassman.com
    Robert T. Naumes, Jr.
    MA Bar No.: 664826
    bnaumes@jeffreysglassman.com
    JEFFREY GLASSMAN INJURY LAWYERS
    One International Place, Suite 1810
    Boston, MA 02110
    (617) 279-1000